```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ILKA RIOS, ALISON BUSH, JOYCE CULLER,
PAMELA STEWART-MARTINEZ, and WINIFRED         Case No. 16 CV 6448
COULTON,

On behalf of themselves and all other persons who are
similarly situated,
                    Plaintiffs,                DEFENDANTS'
                                               RESPONSE TO
                                               PLAINTIFFS'
                                               APPLICATION FOR A
                                               TEMPORARY
            -against-                          RESTRAINING
                                               ORDER

STANLEY KALMON SCHLEIN, the EXECUTIVE
COMMITTEE OF THE BRONX COUNTY COMMITTEE,
and UNIDENTIFIED CO-CONSPIRATORS 1-100

                    Defendants.
-----------------------------------------------------------------X
```

Defendants Stanley K. Schlein, an attorney duly admitted to the courts of the State of New York and this district court, and the Executive Committee of the Bronx Democratic County Committee (the "Executive Committee", together with Stanley K. Schlein, the "Defendants"), by and through their respective counsel, Stanley K. Schlein *pro se* and the Law Office of Soto & Associates, P.C., hereby respectfully object and oppose Plaintiffs' application for a temporary restraining order ("TRO Application") as set forth below:

**PRELIMINARY STATEMENT**

Defendants object and oppose the TRO Application as unnecessary and overly broad. Stanley K. Schlein does not have any documents included in the TRO Application and the Executive Committee is prepared to stipulate to the retention of such records, as more particularly delineated below that may be relevant to the disposition of this litigation.

1

The Plaintiffs' TRO Application and the pleadings in support thereof, demonstrate a fundamental misunderstanding of the New York State Election Law, the Rules and Regulations of the Democratic Party of the County of Bronx, as filed with the New York State Board of Elections ("BOE"), and the petitioning process for the election of county committee members. As a result, the majority of the documents listed in the TRO Application either do not exist or are a matter of public record.

A committee pursuant to NYS Election Law means any committee chosen to represent the members of a party in any political unit. NYS Election Law §1-104(6). The county committee of each party is constituted by the election in each election district within such county of at least two members with additional membership proportional to certain measures set forth in the law. NYS Election Law §2-104. The Bronx Democratic County Committee is a duly constituted county committee under New York State Election Law ("BDCC"). BDCC holds its organizational meeting every two years, during the month of September following the election of its members. New York State Election Law §2-106(3). The elections in the Bronx take place during the even numbered years. The BDCC was last elected in the primary election held in September 2014. On or about September 17, 2014 that committee meeting resulted in the adoption of BDCC rules of procedure, the Rules and Regulations of the Democratic Party of the County of Bronx (hereinafter, the "Rules") and the election of officers of the BDCC. Once the Rules and officers were adopted and elected, respectively, and the County Committee meeting was adjourned, an Executive Committee meeting was held at which supplemental officers of the Executive Committee were elected. There has not been another meeting of the BDCC, nor is one anticipated, until the forthcoming September meeting after the September 13, 2016 primary.

# ARGUMENT

<u>The Request For Injunctive Relief Is Of Limited Meaning as It Relates to these Defendants Because Many of the Records Requested Are a Matter of Public Record Pursuant to New York State Election Law.</u>

The TRO Application requests this Court impose an injunction requiring the preservation of documents that in large part are a matter of public record. Therefore, the Plaintiffs' goals could have been more readily met by their securing such documents themselves rather than seeking an *ex parte* order against the Defendants herein.

The BDCC membership list is maintained by the New York City and State Boards of Elections. It is the Executive Committee's understanding that any member of the public may request such a list from the BOE. The Executive Committee does not maintain any list independent of the BOE's nor does it have any need for such list in as much as stated herein above this BDCC has not met since its organizational meeting in September 2014. New York State Election Law §2-112(1). NYS Election law states in relevant part that every county committee shall within twenty days after its election meet and organize by electing a chairman, a secretary, a treasurer and such other officers as they may by their rules provide. *Id*. A county committee must then file a certificate stating the names and post office addresses of such officers with the state and county board of elections within three days of their meetings. *Id*. It is at this meeting that all necessary business of the Bronx Democratic County Committee is conducted, namely the adoption of the party rules for the ensuing two years and the election of the officers of the county and the executive committee respectively. The attendance list from September 2014 was not retained in the ordinary course. All votes at such meeting were by voice and were unanimous in their approval of the Rules and the slate of officers and Rules. The Rules that were adopted in 2014 were filed with the BOE and are a matter of public record. NYS Election Law

2-114. NYS Election Law 2-114 states in relevant part that each committee may prepare rules for governing the party within its political unit. Within ten days after the adoption of any rule or amendment thereto a certified copy shall be filed by the county committee in the office of the state board of elections, and in the office of the board of elections of the county. *Id*. The composition of the Executive Committee is also a matter of public record. *Supra*.

As a result of the Plaintiffs' clear access to many of the documents identified in the TRO Application, the Defendants argue that the TRO is unnecessarily broad and unnecessary in toto. The easy availability of such documents to Plaintiffs with minimal effort, belies any argument that less harm will result to the defendant if the TRO issues than to the plaintiffs or a showing of irreparable harm.

Despite such lack of legal entitlement to a temporary restraining order, Executive Committee is nonetheless willing to stipulate that it will maintain all records currently in existence for the 2016 election period. More coercive means of obtaining such agreement unnecessarily infringe in the Executive Committee's liberty interest and the public interest to be free from government intervention.

Lastly as stated herein above, Defendant Stanley K. Schlein does not maintain any of the documents included in the Plaintiffs' preservation request. An injunction on the destruction of such documents is therefore moot.

<u>No Committee to Appoint (sic) Vacancies for County Committee Exists in Bronx or Any County.</u>

A committee to fill vacancies in a designation or nomination may appear pursuant to New York State Election Law 6-148. But such committee is not a required component of designating petitions. Yet, in full disclosure, many designating petitions in the totality of New

4

York City contain such committees, including but not limited to petitions containing candidates for county committee. However, neither the Executive Committee nor Stanley K. Schlein maintain any records related to such committee in the ordinary course unless there is a substitution in fact made, in which case the documents are filed with the BOE and a matter of public record.

<u>Given the Clear Balance of the Equities In Favor of the Defendants, the Defendants Request the TRO Application be Denied.</u>

The Defendants would also note that they recognize their obligation independent of the TRO Application to retain books and records relevant to a pending litigation and argue that the Plaintiffs have made no showing that the TRO Application was necessary for the Defendants to comply with its obligation. The only justification provided are maleficent conclusory statements regarding the Defendants.

As a result, the Defendants request that any more injunctive restraints on their conduct be removed as such restraints and the allegations of the need therefore in the Plaintiffs' Declaration in Support of the Temporary Restraining Order are merely part of the Plaintiffs' larger scheme to maliciously impugn the integrity and validity of the Defendants in the community.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court deny the Plaintiffs' TRO Application and grant the Defendants such other and further relief as is just and proper.

Dated: Bronx, New York
August 19, 2016

s/ Stanley K. Schlein_____
(SS0634)
Stanley K. Schlein, Esq.
481 King Avenue
Bronx, New York 10464
T: (917) 359-3186

\_\_s/Marissa Soto_____
(MS9866)
By: Marissa Soto
LAW OFFICE OF SOTO &
ASSOCIATES, P.C.
778 Castle Hill Avenue
Bronx, New York 10473
T: (646) 812-6347
F: (718) 931-1121
E: Marissa.Soto@bxadvocates.com

*Attorney for Defendant Executive Committee of the Bronx Democratic County Committee*