where it was understood that they wanted to remain on the County Committee, and added the names of other individuals who had asked or been asked to run for that office.

7. Throughout the period between June 8, 2016 and July 11, 2016, when Designating Petition signatures could be collected, I regularly inspected all such petition sheets that had been signed to assure compliance with the governing provisions of the election law. After we had collected all of the signatures for each of Sen. Rivera's and AM Blake's Designating Petitions, I reviewed each and every sheet to make sure it complied with all aspects of governing election law.

8. I understand on information and belief that the usual protocol is for Stanley Schlein, another attorney named Marissa Soto, Esq. and a staffer named Anthony Perez to effect the physical assembly and binding of all of the Bronx County Committee petitions, and that, generally, any candidate whose name appears on any of these petitions may go into the room at Bronx County Democratic Headquarters where those petitions are bound to review their own volumes or to assist in binding. As a general rule, I personally bind the volumes of my client's petition sheets, and I contacted Ms. Soto to arrange this. She stated to me that she did not want me to do this. I was unhappy with this, and emailed Mr. Schlein to renew my request. Right away, I received a phone call from Mr. Schlein, telling me in no uncertain terms that I would not be permitted in that room. I emphasized that I was representing no one who was running against a Bronx County candidate, and so there would be no conflict. He again insisted that I would not under any circumstances be allowed in to observe or assist with binding my clients' petitions, but that, as I was preparing their cover sheets, the volume numbers assigned to them would be supplied to me. He also told me that I could only review the bound volumes after they had been filed with the Board of Elections. In fact as it developed, neither Assemblymember Blake, nor

Senator Rivera, nor any of their staffers were permitted to enter Bronx Democratic Party headquarters to watch or help bind these petitions, and were actually bodily prevented from doing so, and were told that it was because they had retained independent counsel instead of Mr. Schlein to represent them in the 2016 election.

9. Having no option, I reluctantly acquiesced to Mr. Schlein's demand, but I told my clients to make copies of their Designating Petitions before turning them over to the Bronx County Organization. This is my normal protocol, as I want to have copies of the petitions for possible challenges without the delay and expense of ordering them from the Board of Elections.

10. On Wednesday, August 17, 2016, I received a call from Donald Dunn, Plaintiffs' attorney in this action, concerning the allegations of unlawful alteration of the County Committee's Designating Petitions after those petitions were signed by voters. Based upon that call and my review of the complaint filed in this action, on August 19, 2016, I went to the Bronx Board of Elections to inspect the Designating Petitions filed by County Committee on behalf of Michael Blake and Gustavo Rivera.

11. Based upon my comparison of the Designating Petitions filed by the County Committee with the copies of my clients' Designating Petitions as given to the Bronx County organization, I can say with certainty that someone unlawfully altered a number of those pages to add candidates for County Committee after they were signed by voters.

12. For example, annexed hereto as **Exhibit 1** is the copy of a Designating Petition sheet for Gustavo Rivera as well as other candidates located in the 77th Assembly District. I personally prepared that petition sheet to be circulated for signature and I personally reviewed it after it was signed. As is reflected on the attached copy, that petition sheet did not contain the names of any candidates for the position of County Committee Member. The very next page of

Exhibit 1, however, demonstrates that the names of Vanessa Gibson and Miriam Green were unlawfully added to that petition page after it was signed by voters and after it was turned over to the Bronx County organization, but before it was filed at the Board of Elections as page 1 of volume BX1600403. That unlawful alteration was performed without my knowledge or consent, or that of Gustavo Rivera, or of any person affiliated with his campaign.

13. As a further example, annexed hereto as **Exhibit 2** is the copy of a Designating Petition sheet for Gustavo Rivera as well as other candidates located in the 77th Assembly District. I personally prepared that petition sheet to be circulated for signature and I personally reviewed it after it was signed. As is reflected on the attached copy, that petition sheet did not contain the names of any candidates for the position of County Committee Member. The very next page of Exhibit 2, however, demonstrates that the names of Rosella Gregg, Aileen Gregg, April Gregg, and Kevin Gregg were unlawfully added to that petition page after it was signed by voters and after it was turned over to the Bronx County Organization, but before it was filed at the Board of Elections as page 29 of volume BX1600403. That unlawful alteration was performed without my knowledge or consent, or that of Gustavo Rivera, or of any person affiliated with his campaign.

14. As a further example, annexed hereto as **Exhibit 3** is the copy of a Designating Petition sheet for Gustavo Rivera as well as other candidates located in the 77th Assembly District. I personally prepared that petition sheet to be circulated for signature and I personally reviewed it after it was signed. As is reflected on the attached copy, that petition sheet did not contain the names of any candidates for the position of County Committee Member. The very next page of Exhibit 3, however, demonstrates that the names of Rosella Gregg, Aileen Gregg, April Gregg, and Kevin Gregg were unlawfully added to that petition page after it was signed by

voters and after it was turned over to the Bronx County organization, but before it was filed at the Board of Elections as page 28 of volume BX1600403. That unlawful alteration was performed without my knowledge or consent, or that of Gustavo Rivera, or any person affiliated with his campaign.

15. As a further example, annexed hereto as **Exhibit 4** is the copy of a Designating Petition sheet for Gustavo Rivera as well as other candidates located in the 77th Assembly District. I personally prepared that petition sheet to be circulated for signature and I personally reviewed it after it was signed. As is reflected on the attached copy, that petition sheet did not contain the names of any candidates for the position of County Committee Member. The very next page of Exhibit 4, however, demonstrates that the names of Rosella Gregg, Aileen Gregg, April Gregg, and Kevin Gregg were unlawfully added to that petition page after it was signed by voters and after it was turned over to the Bronx County Democratic organization, but before it was filed at the Board of Elections as page 27 of volume BX1600403. That unlawful alteration was performed without my knowledge or consent, or that of Gustavo Rivera, or any person affiliated with his campaign.

I declare under penalty of perjury under that the foregoing is true and correct based on personal knowledge and upon information and belief.

Executed on August 22, 2016
Bronx, New York

_____
Sarah K. Steiner

7