UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ILKA RIOS, ALISON BUSH, JOYCE CULLER,
PAMELA STEWART-MARTINEZ, WINIFRED
COULTON, SHARAN FERNANDEZ, CHARLENE
PRICE, and ROXANNE DELGADO,

On behalf of themselves and all other persons who are
similarly situated,

Plaintiffs,

        -against-

STANLEY KALMON SCHLEIN, RUBEN DIAZ, JR.,
JEFFREY DINOWITZ, MICHAEL R. BENEDETTO,
CARL E. HEASTIE, AURELIA GREENE, ANNABEL
PALMA, MARCOS A. CRESPO, VANESSA L. GIBSON,
MARISSA SOTO, ANTHONY PEREZ, VENANCIO
"BENNY" CATALA, JOHN ZACARRO, ANGEL GAUD,
YVES FILIAS, LEILA MARTINEZ, UNIDENTIFIED
CO-CONSPIRATORS 1-100 and THE BOARD OF
ELECTIONS IN THE CITY OF NEW YORK and THE
NEW YORK STATE BOARD OF ELECTIONS,
as necessary parties,

Defendants.
------------------------------------------------------------------------X

Case No. 16 CV 6448

# MEMORANDUM OF LAW IN OPPOSITION TO PRELIMINARY INJUNCTION

STANLEY K. SCHLEIN, ESQ.
481 King Avenue
Bronx, New York 10464
T: (917) 359-3186

LAW OFFICE OF SOTO & ASSOCIATES, P.C.
778 Castle Hill Avenue
Bronx, New York 10473
T: (646) 812-6347
F: (718) 931-1121
E: Marissa.Soto@bxadvocates.com
*Attorney for Defendant Marissa Soto*

**Table of Contents**

**PRELIMINARY STATEMENT**......................................................................................................4

**STANDARD OF REVIEW**..........................................................................................................5

**ARGUMENT** ...............................................................................................................................6

    **Plaintiffs Cannot Meet the Heightened Clear or Substantial Likelihood of Success on the Merits, Required to Enjoin Government Action Taken in the Public Interest.**...... 6

    **The Balance of the Equities Does Not Weigh in Favor of the Plaintiffs.** ......................... 7

    **Plaintiffs Do Not Adequately Show Irreparable Harm They Will Suffer If the Preliminary Injunction Is Not Granted.**........................................................................... 8

    **The Public Interest Weighs Heavily in Favor of Denying the Preliminary Injunction.** ................................................................................................................................................ 8

**CONCLUSION**......................................................................................................................... 10

**Cases**

*Beal v. Stern*, 184 F.3d 117, 123 (2d Cir. 1999) ................................................................. 6, 7, 8

*Bery v. City of New York*, 97 F.3d 689, 693 (2d Cir. 1996) ................................................. 6, 7, 8

*Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996) ....................................................................... 6

*Williams v. Rhodes*, 393 U.S. 23 (1968) ........................................................................................ 7

*Winter, et al. v. Natural Resources Defense Council, Inc., et al.*, 129 S. Ct. 365, No. 07-1239 (U.S. 2008) ..................................................................................................................... 5, 6

## PRELIMINARY STATEMENT

1. Plaintiffs' Preliminary Injunction[1] requests some of the most extraordinary relief imaginable. It requests this Court with a single strike of its pen completely alter the way elections are held for one particular county in the State of New York. If granted, the Preliminary Injunction would (i) create a singular county in the State of New York for which this Court would, in effect, legislate how elections will be conducted, and (ii) force the Executive Branch of New York State to implement and administer such law with no prior input or approval of the New York State legislature or the New York State governor. To say that such relief is extraordinary is possibly, an understatement.

2. This relief is requested not because the Plaintiffs challenge a particular provision of the Election Law that currently dictates how New York State elections are run. Instead the Preliminary Injunction seeks to alter a large number of Election law provisions so that they fall in line with – how the Plaintiffs believe the Election law should be. If granted, the Preliminary Injunction would be almost the codification of these eight (8) Plaintiffs' legislation not through their efforts with the actual New York State legislature but through this Court.

3. The Preliminary Injunction would dictate to the Executive Branch of New York State government the responsibility to administer the Plaintiffs' new Election Law regime – which again would only apply to Bronx County, leaving the remaining sixty-one (61) counties in New York State operating under the actual New York State Election Law as dictated by the New York State legislature. The administrative work necessary to

---

[1] Defined terms not defined herein shall have the meaning set forth in the Declaration in Opposition to the Preliminary Injunction of Jeffrey Dinowitz.

create and implement these parallel systems seems particularly onerous, not just on the government but also on the enrolled Democratic voters of Bronx County. Among the specific changes the Preliminary Injunction would include, is the wholesale enjoining of the ability of Bronx County Democrats to vote in their primary instead forcing them to include multiple claimed "Democratic" candidates on the general election ballot to compete against the other recognized political party candidates – each of whom would have been selected either through that political party's primary or arrived on the ballot as the uncontested candidate for that political party. This is an extraordinarily onerous burden to be placed on the enrolled Democrats' freedom to association.

4. The Plaintiffs' justification for this is similarly extraordinary in that it is exceedingly speculative and, despite its fervent declarations to the contrary, is based almost entirely on the conclusions drawn by the Plaintiffs.

## STANDARD OF REVIEW

5. Plaintiffs seeking a preliminary injunction must establish four (4) elements: (i) their likelihood of success on the merits, (ii) their likelihood to suffer irreparable harm in the absence of the preliminary injunction, (iii) that the balance of the equities weighs in favor of the preliminary injunction, and (iv) that an injunction is in the public interest. *Winter, et al. v. Natural Resources Defense Council, Inc., et al.*, 129 S. Ct. 365, No. 07-1239 (U.S. 2008) (holding (i) that plaintiffs must show irreparable harm is likely and a showing of only a possibility of irreparable harm is insufficient and (ii) all elements of a preliminary injunction must be analyzed and considered with no

single element automatically trumping the others) (internal citations omitted). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Id*. Courts must balance the competing claims of injury and consider the effect on each party of the granting or withholding of the requested relief. *Id*. Courts should pay particular attention to the public consequences "in employing the extraordinary remedy of injunction." *Id*. (internal citations omitted).

## ARGUMENT

**Plaintiffs Cannot Meet the Heightened Clear or Substantial Likelihood of Success on the Merits, Required to Enjoin Government Action Taken in the Public Interest.**

6. Where plaintiffs are seeking an injunction of government action taken in the public interest pursuant to a statutory or regulatory scheme, the moving party must meet a more rigorous likelihood of success standard. *Bery v. City of New York*, 97 F.3d 689, 693 (2d Cir. 1996) (upholding denial of preliminary injunction of New York City's vendor licensing regulatory scheme, despite allegations that such scheme impinged on plaintiffs First Amendment rights) (internal citations omitted). In such cases, where the moving party is seeking to alter the status quo by obtaining relief that cannot be undone if the defendant prevails at a trial on the merits, the moving party must show a "clear" or "substantial" likelihood of success. *Beal v. Stern*, 184 F.3d 117, 123 (2d Cir. 1999) (reviewing denial of a preliminary injunction enjoining the enforcement of city regulations requiring a permit for rallies, which movants argued was a facially unconstitutional restriction on free speech) (citing *Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996) (internal citations omitted).

7. This heightened standard of review is required in this case because the preliminary injunction would alter New York State government's ability to implement the Election Law, which has been established in the public interest and is clearly pursuant to a regulatory and statutory scheme. *Bery v. City of New York*, 97 F.3d 689. In addition, enjoining the Democratic primary would have a significant impact on the more than four hundred thousand enrolled Democratic Bronx voters who would receive less than one week's notice of such injunction and an event like that, clearly would not be able to be undone. *Beal v. Stern*, 184 F.3d. at 123.

8. Plaintiffs have neither a clear nor substantial likelihood of success on the merits despite their repeated assertions to the contrary. The First Amended Complaint and the Memorandum of Law in Support of the Preliminary Injunction fail to state a cause of action upon which relief may be granted. In some instances the allegations supporting the various causes of action are – not just inadequately pleading the necessary elements but - missing those elements in their entirety. As a result, it cannot be said at this point that Plaintiffs will be successful, it cannot even be said that Plaintiffs will survive a motion to dismiss.

9. As a result, Defendants argue that the Plaintiffs fail to meet their burden of proof on this prong.

**The Balance of the Equities Does Not Weigh in Favor of the Plaintiffs.**

10. It is beyond question that enjoining the Democratic primary would have a significant impact on over four hundred thousand enrolled Democratic Bronx voters by interfering with their fundamental rights to vote and to associate with one of two major political parties. *See Williams v. Rhodes*, 393 U.S. 23 (1968). Such interference places a heavy burden on such citizens, especially in light of the fact that

any injury to the Plaintiffs is speculative at best. As a matter of fact, one of the Plaintiffs, Pamela Stewart Martinez, is slated to appear on the primary ballot. It can hardly be said that she would be injured or somehow disadvantaged by having to undergo the process set forth by New York State Election Law to secure her place as the Democratic candidate on the general election ballot. The remaining seven (7) Plaintiffs allege only speculative injury in the absence of the Preliminary Injunction.

11. Given the sheer number of affected voters and the fundamental nature of the rights to be interfered with by the Preliminary Injunction, the balance of the equities do not appear to favor granting the Preliminary Injunction.

**Plaintiffs Do Not Adequately Show Irreparable Harm They Will Suffer If the Preliminary Injunction Is Not Granted.**

12. Plaintiffs rely on the nature of their causes of action – free speech and due process - to claim irreparable harm without making a real showing of direct harm.

13. This shortcut of showing irreparable harm is not a method supported by the case law. As stated earlier, a number of Second Circuit opinions address government limitations on fundamental rights and preliminary injunctions are not granted. *Bery v. City of New York*, 97 F.3d 689; *Beal v. Stern*, 184 F.3d. at 123.

**The Public Interest Weighs Heavily in Favor of Denying the Preliminary Injunction.**

14. The eight (8) Plaintiffs do not address the public interest in ensuring the fundamental right of over four hundred thousand enrolled Democratic voters to participate in a primary election is preserved. The Plaintiffs do not address the likely cost to the New York City and State governments in implementing the proposed remedies on less than a week's notice. The Plaintiffs do not address the very likely loss of confidence of

over four hundred thousand enrolled Democratic voters in the fair administration of elections that would result if they are disenfranchised with less than a week's notice, if any notice reaches them at all. There is no public interest served in circumventing the Election Law that has been developed and honed over a number of years by both successive duly elected state legislatures and courts. There is no public interest served in granting the Preliminary Injunction.

## CONCLUSION

15. In conclusion, the Plaintiffs have not carried their burden and Defendants respectfully request the Preliminary Injunction be denied.

Dated: Bronx, New York
August 31, 2016

| | |
|---|---|
| /s/ Stanley K. Schlein<br>Stanley K. Schlein, Esq. (SS0634)<br>481 King Avenue<br>Bronx, New York 10464<br>T: (917) 359-3186 | /s/Marissa Soto<br>By: Marissa Soto (MS9866)<br>LAW OFFICE OF SOTO & ASSOCIATES, P.C.<br>778 Castle Hill Avenue<br>Bronx, New York 10473<br>T: (646) 812-6347<br>F: (718) 931-1121<br><br>E: Marissa.Soto@bxadvocates.com |