UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ILKA RIOS, ALISON BUSH, JOYCE CULLER,
PAMELA STEWART-MARTINEZ, WINIFRED
COULTON, SHARAN FERNANDEZ, CHARLENE
PRICE, and ROXANNE DELGADO,

On behalf of themselves and all other persons who are
similarly situated,

Plaintiffs,

       -against-

Case No. 16 CV 6448

STANLEY KALMON SCHLEIN, RUBEN DIAZ, JR.,
JEFFREY DINOWITZ, MICHAEL R. BENEDETTO,
CARL E. HEASTIE, AURELIA GREENE, ANNABEL
PALMA, MARCOS A. CRESPO, VANESSA L. GIBSON,
MARISSA SOTO, ANTHONY PEREZ, VENANCIO
"BENNY" CATALA, JOHN ZACARRO, ANGEL GAUD,
YVES FILIAS, LEILA MARTINEZ, UNIDENTIFIED
CO-CONSPIRATORS 1-100 and THE BOARD OF
ELECTIONS IN THE CITY OF NEW YORK and THE
NEW YORK STATE BOARD OF ELECTIONS,
as necessary parties,

Defendants.
------------------------------------------------------------------------X

# JOINT SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO

# PRELIMINARY INJUNCTION

STANLEY K. SCHLEIN, ESQ.
481 King Avenue
Bronx, New York 10464
T:  (917) 359-3186

LAW OFFICE OF SOTO & ASSOCIATES, P.C.
778 Castle Hill Avenue
Bronx, New York 10473
T:  (646) 812-6347
F:  (718) 931-1121
E:  Marissa.Soto@bxadvocates.com
*Attorney for Defendant Marissa Soto*

# Table of Contents

1. The Court Does Not Have Subject Matter Jurisdiction over the Matters Alleged in this Case. ................................................................................................................. 4
  *NO FEDERAL QUESTION HAS BEEN PLEADED.* ................................................. 4
  *ROOKER-FELDMAN EFFECTIVELY PRECLUDES THE COURT EXERCISING JURISDICTION.* ................................................................................................................. 6
2. The Defendants Are Individuals Not State Actors Because (i) None of the Defendants Were Performing Public Functions, (ii) The Actions Alleged Were Not Entwined with State Action, and (iii) the Defendants Were Not Acting Jointly with the State. ..................... 7
3(a). The Attorney, Donald Dunn, Esq., Litigated or Had the Opportunity to Litigate the Claims Herein But With Different Named Plaintiffs Each Time. .................................. 8
3(b). Plaintiffs' Claims Regarding the County Committee Candidates Were Not Adjudicated in the State Forum. ........................................................................................ 11
4. The Rooker-Feldman Doctrine, Federalism Principles, and the Equitable Doctrine of Collateral Estoppel Counsel Against this Court Acting in this Matter. ........................ 11
5. No Irreparable Harm Would Result from the Denial of A Preliminary Injunction. ................................................................................................................................. 12
CONCLUSION ................................................................................................................. 13

**CASES**

*American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) .................................. 4, 7
*Blum v. Yaretsky*, 457 U.S. 991, 1005 (1982) ........................................................ 4, 8
*Brentwood Academy v. Tennessee Secondary School Athletic Assn.*,
531 U.S. 288 (2001) ........................................................................................ 8
*Cepeda v. Crespo*, Ind. No. 260423-2016 (BX Cty Sup. Ct. August 12, 2016) ..... 9, 10, 11
*Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005)* ............................... 6
*Grogan v. Blooming Grove Volunteer Ambulance Corps.,* 768 F.3d 259
(2d. Cir. 2014) ............................................................................................ 7, 8
*Hoblock v. The Albany County Board Of Elections*, 422 F.3d 77 (2nd Cir. 2005) ............ 6
*Holder v. Hall*, 512 U.S. 874 (1994) ........................................................................... 5
*Katzman v. Victoria's Secret Catalogue*, 167 F.R.D. 649, 655 (S.D.N.Y 1996) ................ 5
*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ............................. 4
*Rev. Verdell Mack v. Latoya Joyner*, Ind. No. 260706-2014
(BX Cty Sup. Ct. August 14, 2014) *affm'd* 120 A.D.3d 415, 991 N.Y.S.2d 312
(1st Dep't 2014), *lv denied* 2014-81788 ................................................................. 9
*The Westchester County Independence Party v. Astorino*, 137 F. Supp.3d 586
(S.D.N.Y. 2015) ............................................................................................ 5, 6

**STATUTES**

18 U.S.C. §1962 ......................................................................................................... 5, 6

**TREATISES**

13D Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Richard D. Freer,
Federal Practice and Procedure §3522, pg. 103-105 (3d ed. 2008) ................................ 4

Set forth below are the joint responses to the questions presented in this Court's Order dated September 2, 2016 of defendants Stanley K. Schlein and Marissa Soto.

## 1. The Court Does Not Have Subject Matter Jurisdiction over the Matters Alleged in this Case.

*NO FEDERAL QUESTION HAS BEEN PLEADED.*

1. Federal courts' subject matter jurisdiction is limited and none of the established and recognized basis for such jurisdiction have been pleaded. The plaintiffs' complaint does not set forth a legitimate federal question, there is no diversity of citizenship and no supplemental jurisdiction, therefore there can be no subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (burden of establishing jurisdiction rests on the plaintiff); 13D Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Richard D. Freer, Federal Practice and Procedure §3522, pg. 103-105 (3d ed. 2008). When reduced to its essential elements and the hyperbole and personal attacks are eliminated, the plaintiffs' complaint relates to the disposition of candidates for county committee on Democratic party designating petitions. This is a New York State Election Law proceeding in disguise.

2. Counts I, II, III, and IV arise under 42 U.S.C. §1983. The elements of a Section 1983 claim are (i) the deprivation of any rights, privileges, or immunities secured by the Constitution and laws by (ii) a person acting (iii) under color of state law. "The color of state law element of § 1983 excludes from its reach "merely private conduct, no matter how discriminatory or wrongful." *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982). The Supreme Court has repeatedly held that the party charged with the deprivation must be a person who may fairly be said to be state actor. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). Here, no state actor is identified. The only parties listed as defendants and whose conduct is

complained of here – are individual private actors. Therefore, a fundamental element of each of these causes of action is missing and as to the named defendants cannot be remedied. Therefore, these causes of action are not available as a justification for this Court's jurisdiction or as a basis for any alleged supplemental jurisdiction.

3. Count V is a Voting Rights Act cause of action. The Voting Rights Act states that no person acting under color of law shall implement a voting qualification or prerequisite to voting or standard, practice or procedure in a manner which results in a denial or abridgement of the right of any citizen of the United States to vote on account of race or color. *Holder v. Hall*, 512 U.S. 874 (1994). Again, here there is no state actor defendant. All defendants are named in their individual capacity. In addition, none of the allegations in the complaint state a voting qualification, prerequisite to voting, or racial animus. The complaint is actually completely devoid of any claimed racial animus or impact other than the conclusory statement in the section pleading Count V. Therefore, a Voting Rights Act claim is not properly before this Court and such defects cannot be cured since none of the defendants can be state actors.

4. Count VI is a Racketeering Influenced & Corrupt Organization ("RICO") Act claim. Courts have noted that the mere assertion of a RICO claim has a stigmatizing effect on the named defendants and that as a result, courts should strive to flush out frivolous RICO allegation at an early stage of the litigation. *The Westchester County Independence Party v. Astorino*, 137 F. Supp.3d 586 (S.D.N.Y. 2015) (citing *Katzman v. Victoria's Secret Catalogue*, 167 F.R.D. 649, 655 (S.D.N.Y 1996). Here the complaint is devoid of almost all of necessary elements of a private cause of action under RICO. Plaintiffs must allege (i) the defendant's violation 18 U.S.C. §1962, (ii) injury to the plaintiff's business or property, and (iii) causation of the

injury by the defendant's violation. *Id*. There are no predicate RICO acts alleged, therefore there is no violation under 18 U.S.C. §1962. *Id*. There is nothing in the complaint wherein any of the defendants impacted interstate or foreign commerce. The plaintiffs' conclusory statement to the contrary regarding the use of mail is similarly fundamentally deficient. *Id*. There is nothing alleged in the complaint to satisfy injury to plaintiffs' business or property. *Id*. at pg. 617. Here, as in *Astorino*, the only injuries alleged were to personal constitutional injuries, which as stated above cannot be redressed here. Since there are no RICO recognized predicate acts or injuries, there can be no federal RICO action.

5. As a result, plaintiffs have pleaded no federal question upon which this Court may base its subject matter jurisdiction.

***ROOKER-FELDMAN EFFECTIVELY PRECLUDES THE COURT EXERCISING JURISDICTION.***

6. The plaintiffs claims, while facially distinct from those alleged in the state court action, really do little more than ask this Court to revisit the New York State Supreme Court decision. This is in clear contravention of the *Rooker-Feldman* doctrine. *Hoblock v. The Albany County Board Of Elections*, 422 F.3d 77 (2nd Cir. 2005) (identifying the necessary elements of *Rooker-Feldman* doctrine post- *Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005)*. The Second Circuit identified the elements as follows: (i) the federal-court plaintiff must have lost in state court, (ii) the plaintiff must complain of injuries caused by a state-court judgment, (iii) the plaintiff must invite district court review and rejection of the state court judgment, and (iv) the state-court judgment must have been rendered before the district court proceedings commenced. *Id*. Here the facts alleged in the complaint along with the exhibits attached thereto, clearly establish that the plaintiffs, through their counsel, lost in state court. The alleged injuries to the plaintiffs consist of (i) appearing on the ballot

as county committee members without their explicit consent, and (ii) others appearing on the primary ballot who they believe should have been prevented by doing so by having their petitions invalidated by the state court. These are injuries that are being caused by the state courts' denying the plaintiffs' request, through their counsel, in both 2014 and 2016. There is no other understandable source of the plaintiffs' injuries. As a result, when the newly pleaded causes of action are not considered and the mere facts alleged are considered, plaintiffs are asking the district court to revisit the state courts' determinations and to reject the state court judgment. They allege they are looking for a new remedy than what was sought in state court, but that a monetary remedy makes no sense when the injuries alleged are considered. Lastly, the state court decisions were rendered before the commencement of this action, as demonstrated by the inclusion of the decisions as exhibits to the initiating pleadings.

## 2. The Defendants Are Individuals Not State Actors Because (i) None of the Defendants Were Performing Public Functions, (ii) The Actions Alleged Were Not Entwined with State Action, and (iii) the Defendants Were Not Acting Jointly with the State.

7. The defendants are individuals —not state actors. Therefore, as private actors, the plaintiffs must show that the defendants' allegedly unconstitutional conduct is "fairly attributable to the State." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). There must be a sufficiently close nexus between the State and the challenged actions of the defendants so that the actions of the defendants may be fairly treated as that of the State itself" *Id*. This determination depends on whether the State has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must be deemed to be that of the State. *Id*. A variety of tests have been employed over the years to determine

whether acts are fairly attributable to the state. *Grogan v. Blooming Grove Volunteer Ambulance Corps.,* 768 F.3d 259 (2d. Cir. 2014). The first is the "public function" test. *Id*. Plaintiffs must show that the defendants have exercised powers that are traditionally the exclusive prerogative of the State." *Id*. (citing *Blum v. Yaretsky,* 457 U.S. 991, 1005 (1982). The nomination of Democratic candidates for public office or Democratic party positions has never been the exclusive prerogative of the state and plaintiffs do not argue that it has.

8. The second test to determine whether the defendants are state actors is to determine whether they defendants are so entwined with governmental policies or when government is entwined in its management or control. *Id*. Again, the plaintiffs make no showing that the individual defendants internal decisions are significantly under the control of the State. *Id*. The defendants are individual people no more controlled by the state than any other citizen.

9. Other means of identifying a "state actor" are when a private actor operates as a willful participant in joint activity with the State or its agents, or when the private actor is controlled by a agency of the State. *Brentwood Academy v. Tennessee Secondary School Athletic Assn.*, 531 U.S. 288 (2001). Again, the plaintiffs neither did nor could allege any joint activity between the State and the individual defendants. The Complaint contains nothing more than conclusory statements and general accusations to tie my client to any government action and therefore fails to even raise a question of fact in connection with any of the recognized means of private individuals being state actors.

**3(a). The Attorney, Donald Dunn, Esq., Litigated or Had the Opportunity to Litigate the Claims Herein But With Different Named Plaintiffs Each Time.**

10. The named plaintiffs herein did not pursue these claims in the New York State courts. However, Donald Dunn, Esq., the plaintiffs' attorney, did so on behalf of other persons who

reside in Bronx County, New York, who are similarly situated to the named plaintiffs. Therefore, the actions were brought by persons in privity with the named plaintiffs. Claims referred to in this complaint mirror the allegations and issues litigated in the state court proceedings prosecuted by Donald Dunn, Esq. entitled *Cepeda v. Crespo*, Ind. No. 260423-2016 (BX Cty Sup. Ct. August 12, 2016) *Rev. Verdell Mack v. Latoya Joyner*, Ind. No. 260706-2014 (BX Cty Sup. Ct. August 14, 2014) *affm'd* 120 A.D.3d 415, 991 N.Y.S.2d 312 (1st Dep't 2014), *lv denied* 2014-81788 (N.Y. August 27, 2014).

11. Taken in chronological order, the complaint, drafted by Donald Dunn, Esq. in 2014 contained the same "backdating" allegations contained in the complaint at bar. Mr. Dunn alleged in the 2014 state court complaint, attached hereto as Exhibit A, that Rosella Gregg's sheets "were dated and sworn to as of May 29, 2014 . . . but were actually collected no sooner than June 2014. " This claim was actually litigated, Ms. Gregg brought to testify, and the Referee report made the finding that "there is no basis to invalidate the signatures [Ms. Gregg] collected." See Referee Report attached hereto as Exhibit B.

12. The 2016 state court proceeding, litigated by Mr. Dunn, contains the majority of the claims contained in the current complaint. Mr. Dunn through his previous named plaintiffs, Cepeda and Moore, alleged at paragraph 17 that "Some or all of the alleged signatures on . . . the lines . . . of the sheets of the purported petition were not actually signed by the respective persons whose separate signatures they purport to be and/or were not actually signed on the respective dates west forth." See 2016 Complaint attached hereto as Exhibit C. Mr. Dunn through the currently named plaintiffs, alleges the same forgery of signatures by defendants Catala and Filius as well. See ¶47 of the Plaintiffs' First Amended Complaint; Plaintiffs' Memorandum of Law in Support of Preliminary Injunction pg. 12 -13 §E. The Referee's

Report considered all allegations of fraud, including but not limited to the duplicate pages and allegations of forgery, and all were rejected in the Referee's Report and Judge Carter's decision. The only injury the plaintiffs appear to allege from these actions is that the state court's decision enabled the candidates to remain on the ballot. The Court cannot now revisit such findings because, as stated above, it would be violative of the *Rooker-Feldman* doctrine.

13. Further, it was in the New York State proceeding that defendants Leila Martinez, Angel Gaud, and John Zacarro allegedly perjured themselves. It was in the 2016 New York State proceeding that defendants Stanley K. Schlein and Marissa Soto allegedly suborned perjury. However, the credibility of the witnesses was adjudicated by the New York State court as clearly referenced in the Referee's Report and Judge Carter's decision and such ruling was not appealed. Specifically, the Referee's Report finds the testimony of Leila Martinez and John Zaccaro credible. Exhibit D at pg. 12. As a matter of fact, when contradictory testimony was presented the Referee credited John Zaccaro's testimony. *Id*. Similarly, the Referee found Mr. Gaud's testimony credible as well. Ex. D at pg. 12. These determinations were confirmed by Judge Carter. Ex. E. No appeal was taken to this decision. The Court cannot now reverse or modify such state court judgment. Therefore, the claims against the defendants Leila Martinez, John Zaccaro, Angel Gaud, Stanley K. Schlein, and Marissa Soto arising from alleged perjury are not within the subject matter jurisdiction of this Court. Based on the defendants' reading of the First Amended Complaint, this eliminates all claims against defendants Leila Martinez, Angel Gaud, and John Zaccaro.

### 3(b). Plaintiffs' Claims Regarding the County Committee Candidates Were Not Adjudicated in the State Forum.

14. The New York State Election Law provides for the prompt and effective adjudication of election disputes. The Plaintiffs had full and ample opportunity to employ this framework and litigate the claims related to the election of county committee members in state court but failed to do so. As a matter of fact, counsel to the plaintiffs, raised, withdrew, and then sought to revive these claims in the 2016 New York State Supreme Court proceeding referred to above, namely *Cepeda v. Crespo*. The New York State Supreme Court decision explicitly addresses these claims.

> With respect to the arguments raised by Petitioners' counsel at oral argument regarding stickers containing the names of County Committee candidates, the Court fins such arguments to be outside the scope of the hearing. The Referee properly precluded the testimony of the witness who was allegedly placed on the ballot as a County committee candidate without her consent as County Committee positions were not the subject of the petition to invalidate. Moreover, Petitioners first raised the issue of County Committee candidates on 4:30 p.m. on Tuesday afternoon when closing arguments were scheduled to beheld on Wednesday morning.

*Cepeda v. Crespo*, Ind. No. 260423-2016 *4. Plaintiffs' counsel's attempt to appeal this determination in this Court is violative of the *Rooker-Feldman* doctrine.

15. Although the First Amendment, Voting Rights Act, and RICO causes of action were alleged here for the first time, the underlying actions upon which the plaintiffs rely have all been addressed by state courts, and the injuries they are alleging to experience right now are the result of such state court actions.

### 4. The Rooker-Feldman Doctrine, Federalism Principles, and the Equitable Doctrine of Collateral Estoppel Counsel Against this Court Acting in this Matter.

16. Defendants will not be redundant and restate the arguments set forth above. Instead the defendants would like to bring particular attention to the fact that this case is almost a perfect

example of why the above referenced doctrines and principles exist. Our government is one built on federalism, where only limited authority is reserved and conveyed to the federal government and by extension the federal courts. Federal courts are the proper forum for federal questions and state courts the proper forum for all other matters. Unhappy and unsuccessful litigants cannot use the federal courts to pit federal government authority against state court authority, or to circumvent state court decisions not to their liking. This is especially true when state law provides a full and fair chance for such litigants to redress their gripes through available state court channels. To provide otherwise, would allow contradictory decisions between state and federal governments with no clear means of reconciling the two. The unnecessary costs and drain on state and federal resources accompanying such duplicative actions would not be wholly borne by the litigants but would in effect be subsidized by the government and the opposing parties – making the availability of such duplicative actions attractive to those who would seek to use the judicial system harass and intimidate adversaries rather than seek justice.

17. In addition to the burden on the system of government and the accompanying government resources, there is also a human element to this issue.

## 5. No Irreparable Harm Would Result from the Denial of A Preliminary Injunction.

18. Again, here the defendants will not belabor the point that no irreparable harm will be suffered if the preliminary injunction is denied. Instead the defendants rely on the declarations and memoranda of law submitted by the defendants and necessary parties.

## CONCLUSION

19. In conclusion, the defendants reiterate all their arguments in opposition to the preliminary injunction and respectfully state that this Court does not have subject matter jurisdiction.

Dated:  Bronx, New York
	September 4, 2016

| | |
|---|---|
| /s/  Stanley K. Schlein<br>Stanley K. Schlein, Esq. (SS0634)<br>481 King Avenue<br>Bronx, New York 10464<br>T:  (917) 359-3186 | /s/Marissa Soto<br>By:  Marissa Soto (MS9866)<br>LAW OFFICE OF SOTO & ASSOCIATES, P.C.<br>778 Castle Hill Avenue<br>Bronx, New York 10473<br>T:  (646) 812-6347<br>F:  (718) 931-1121<br><br>E:  Marissa.Soto@bxadvocates.com |