# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX: ELECTION MATTERS PART

REVEREND VERDELL MACK and SHANIQUA TURNER,

Index No. 260706-2014
Report of the Referee

Petitioners[1],

-against-

LATOYA JOYNER and THE BOARD OF ELECTIONS
IN THE CITY OF NEW YORK,

Respondents

TO THE SUPREME COURT, BRONX COUNTY
ELECTION MATTERS PART:

Pursuant to the direction of the Hon. John W. Carter at the call of the election matters calendar on July 30, 2014, this matter was referred to the undersigned to hear and report with recommendations. In this proceeding, Petitioners, Reverend Verdell Mack, a Candidate-Aggrieved, and Shaniqua Turner, an Objector, seek to invalidate the designating petition filed on behalf of LaToya Joyner, a candidate for Member of the Assembly for the 77th Assembly District, in the Democratic Party Primary to be held on September 9, 2014.

The hearing was held at the Bronx County Board of Elections on July 31st, August 4th, 5th, 6th, 7th and 8th, 2014. Petitioners were represented by Donald R. Dunn, Jr., Esq. Respondent Joyner was represented by Stanley K. Schlein, Esq. I was assisted during the course of the hearing by Referee Lorraine Martinez Ross.

Five hundred (500) signatures were required for placement on the ballot for the

---

[1] Renee McKenzie was also a Petitioner in the Order to Show Cause. A Notice of Discontinuance by Ms. McKenzie was filed on August 4, 2014.

on doors. He obtained most signatures at the mailbox or front desk of the building's lobby. After he gathered the signatures, he signed at the bottom and put in the date - June 11, 2104. He then brought the signed petition sheets to the office at the Democratic Club. Mr. Little's attention was drawn to stickers with names and addresses of State Committee candidates located on the petition sheets' list of candidates. Mr. Little could not recall if these stickers were on the petition sheets when he circulated them. Mr. Little was not paid to collect signatures.

JULIA JENKINS - Her address is 940 Grand Concourse, Apt. 1F, Bronx, New York. She is the subscribing witness on pages 43, 44 and 45 from volume 199. She obtained the petition sheets from the Democratic Club sometime in the Spring. She believed that Vanessa Gibson gave her the three petition sheets. The petition sheets came in a folder along with a white sheet containing the names and addresses of registered Democrats

Ms. Jenkins didn't remember when she began collecting signatures. She believed it was for more than one day. She collected each of the signatures on the three pages. When she finished collecting signatures, she turned in the three petition sheets to the Joyner Campaign headquarters on Morris Avenue. When she turned in the petition sheets, she signed them and dated them June 13, 2014. She did not write the dates next to the signatures on the petition sheets. She does not recall who wrote in the dates.

ROSELLA GREGG - Her address is 230 East 167th Street, Apt. 1C, Bronx, New York. She is the subscribing witness on pages 29, 31 and 32 of Volume 197. She obtained the petitions on May 28, 2014 at the Democratic Club. She believed that

page 39 of volume 199. She signed all three petition sheets as the subscribing witness at the Joyner headquarters on June 19, 2014.

HAROLD MCKENZIE - His address is 1183 Grant Avenue, Bronx, New York. He identified his signature on page 32, line 3 of volume 197 and stated that he had signed the petition. Mr. McKenzie was then shown Exhibit 16 to the Order to Show Cause, which is an affidavit signed by him stating that he reviewed a document that he was informed was Designating Petition Volume BX1400197, page 32, and that it was not his signature on line 3. Mr. McKenzie then stated that he remembered signing the original petition sheet but did not recognize his signature from the white photocopy that he was shown.

DONNELL TILLMAN BASKET - She is employed as the Housing Program Director by Acacia Network, a not-for profit corporation which provides medical, behavioral, housing and supportive services to Bronx residents. 974 Prospect Avenue, Bronx, New York is a residential property owned and managed by Acacia Network. It consists of 25 SRO (single room occupancy) units. She visits the property three times a week and enters each individual unit approximately once a month with the resident present. The entrance to the premises is maintained by security and persons must be buzzed in to access the residences. Since January 2014, visitors are not permitted entrance to the residences. Based upon her review of the records and her personal knowledge, Angel Molina (a subscribing witness who listed 974 Prospect Avenue, Bronx, NY as his address on the petition sheets he collected) does not reside at 974 Prospect Avenue.

JULISSA REYES - Her address is 1575 Grand Concourse, Apt. A4, Bronx, New

5

last name. He does not know Sonia Chisolm, the subscribing witness of page 34 of volume 197.

LUIS LOZANO - His address is 1290 Grant Avenue, Bronx, New York. He identified his signature on page 34, line 5 of volume 197. He signed the petition in early June. An elderly woman with white hair and glasses collected his signature. He told her he did not want to sign but she said it was important and was very aggressive. He did sign the petition.

LUCY HOLTZMAN - Her address is 1575 Grand Concourse, Apt. B4, Bronx, New York. She identified her signature on page 77, line 3 of volume 198. A young man brought the petition to her door. Her daughter went to the door and called her over. She signed the petition and then her daughter did as well on line 4. The door to her apartment remained open the entire time and she did not see anyone else in the hallway.

ERIC ALICEA - He is employed by Acacia Network as the Junior Human Resources Manager. He reviewed of employee records of Acacia Network and was able to determine that a person named Milagros Aponte was an employee of Acacia Network.

JOSE ZAPATA - His address is 730 East 163rd Street, Apt. 10G, Bronx, New York. No one else lives in his apartment. He believes he moved there in 2008 or 2009. Various bills and correspondence (Petitioners' Exhibits I - L) listing 730 East 163rd Street, Apt. 10G, Bronx, New York as the address of Jose Zapata were admitted into

---

¹Mr. Zapata testified with the assistance of a Spanish Interpreter.

were not able to authenticate that the voice heard on the recording was that of Monique Smith.

On August 7, 2014, at approximately 4:00 p.m., counsel for Petitioners requested that I direct counsel for candidate Joyner to produce either Ms. Joyner or a member of her campaign staff with knowledge of the petition-gathering process as a witness the following morning.

The application was denied. At the calendar call on July 30, 2014, all litigants were advised that the election matters hearings would commence on Thursday, July 31, 2014 at 10:00 a.m. and conclude on Friday, August 8, 2014 at 12:30 p.m. Petitioners could have attempted to serve Ms. Joyner with a subpoena to appear or made a request to her counsel that she be produced as a witness at anytime following the commencement of the hearing. The request to produce the candidate or other person with knowledge with less than 24 hours notice and less than 24 hours prior to the previously announced conclusion of the hearings was both untimely and unreasonable.

### THE CHALLENGED SUBSCRIBING WITNESSES

Petitioners assert that all the signatures collected by certain subscribing witnesses, Nicholas Brown (258), Angel Molina (78), Milagros Aponte (143), Joseph Llanos (29) and Salvador Ocasio (129) should be deemed invalid as the evidence presented established that they did not live at the address listed on their voter registration cards and/or subscribing witness statements on the petition sheets.

With respect to Nicholas Brown, I find the testimony of Harold Brown, owner of 339 Clifton Place, Brooklyn, New York, to be sufficient to establish that Nicholas Brown does not live at that address. Mr. Brown testified that he and his wife occupy the first

9

on the petition sheets she collected. Accordingly, the 143 signatures she collected (Volume 199, pages 10-12, 20, 24, 29-34) are invalid.

With respect to Joseph Llanos, I find that the testimony of Milagros Colloda Peralta, current resident of 1212 Grand Concourse, Apt. 3G, Bronx, New York and Franklin Polanco, superintendent of that building, establishes that subscribing witness, Joseph Llanos, does not reside at 1212 Grand Concourse, Apt. 3G, Bronx, New York, the address listed on his voter registration card (Petitioners' Exhibit H) and the subscribing witness statement on the petition sheets he collected. Accordingly, the 29 signatures he collected (Volume 198, pages 81-82) are invalid.

With respect to Salvador Ocasio, I find the testimony of Jose Zapata, current resident of 730 East 163rd Street, Apt. 10G, Bronx, New York, was sufficient to establish that Salvador Ocasio does not reside at 730 East 163rd Street, Apt. 10G, Bronx, New York, the address listed on his voter registration card (Petitioners' Exhibit M). Accordingly the 129 signatures he collected (Volume 198, pages 2-8, 18) are invalid.

Petitioners further assert that the signatures collected by several other subscribing witnesses, Lutrell Simmons, Norma Torres, Sonia Chisolm, Julia Jenkins and Rosella Gregg should be invalidated in their entirety for various reasons.

Lutrell Simmons was the subscribing witness on three (3) petition sheets (Volume 198, pages 38, 39 and 57). She candidly testified that she gave two of those petition sheets (pages 38 and 57) to her friend, Ollie Moss, to collect signatures for her and that she did not witness any of the signatures collected on those two sheets. I found Ms. Simmons to be a credible witness who clearly did not know she had done anything wrong. In addition, all 15 signatures she collected on page 39 were otherwise

11

sheets she collected, consisting of 45 signatures, should be invalidated because the signature date on the petition sheets conflicts with her testimony that she collected signatures for more than one day. I found Ms. Jenkins to be a credible witness and any discrepancies regarding the dates she collected the signatures, I attribute to faulty memory as opposed to deliberate fraud. Thus, Petitioners' application to invalidate the signatures she collected in their entirety is denied.

With respect to subscribing witness, Rosella Gregg, counsel for Petitioners argued that her testimony regarding the route she took to collect the signatures was implausible and that her signatures should be invalidated in their entirety. I found Ms. Gregg to be a credible witness and there is no basis to invalidate the signatures she collected.

### LINE-BY-LINE SIGNATURE REVIEW

Since Petitioners' Specification of Objections were not properly served, the Board of Elections never reviewed any of the signatures on the Joyner petition. Thus the analysis begins with all 2513 signatures being presumptively valid. At the line-by-line review, Petitioners were required to prove the invalidity of every signature challenged. I was assisted in the line-by-line review by Referee Lorraine Martinez Ross. The signatures collected by subscribing witnesses, Nicholas Brown, Angel Molina, Milagros Aponte, Salvador Ocasio, Joseph Llanos, Lutrell Simmons and Norma Torres, are not included in the line-by-line review calculations. 1101 signatures were reviewed. 432 were found valid and 669 were found invalid. 673 signatures were either conceded as valid or not individually challenged. Any challenge with respect to the subscribing witness on any of these 673 signatures was rejected. Thus these 673

In addition, counsel for Petitioners commendably conceded at summation that there was no evidence submitted regarding the candidate's involvement in any alleged fraudulent activity.

Instead, Petitioners submit that the candidate's campaign engaged in "petition padding" in that a number of signatures far in excess of the number required were collected thus making review of the petition by challengers more difficult. They further argue that if a petition such as this, which contains numerous instances of fraud on the part of subscribing witnesses, is allowed to stand, there would be no incentive for campaigns not to engage in such conduct in the future.

Petitioners' arguments must be rejected. First, a candidate is not prohibited from collecting a number of signatures in excess of the number required for placement on the ballot. In fact, such a practice is reasonable and expected. In addition, there are penalties imposed when subscribing witnesses engage in fraudulent conduct. Here the work product of seven subscribing witnesses was invalidated in its entirety resulting in the loss of 739 signatures.

In this case, because there was no Clerk's Report, I was required to conduct an extensive line-by-line review of the petition and was able to observe the petition as a whole. Most of the signatures which were discounted were deemed invalid on nonfraudulent grounds, such as "not registered," "not enrolled" or "out-of-district." While I found approximately 230 signatures (approximately 9%) invalid on the ground of dissimilar handwriting, the vast majority of these signatures were scattered throughout the petition as opposed to being contained on entire pages of clearly fraudulent signatures. The only exception to this are the two pages (Volume 197, pages 12 and

Based on the foregoing it is recommended that the petition by Petitioners Reverend Verdell Mack and Shaniqua Turner to invalidate be denied

Dated: August 13, 2014

Respectfully submitted,

_____
Nina Rusnak
Special Referee

17