# Law Office of Donald R. Dunn, Jr.

441 East 139th Street                                                                      718-570-6321 (Phone)
Bronx, New York 10454                                                                         480-287-8849 (Fax)
Donald@drdunnlaw.com

May 9, 2017

**By ECF and By Hand**

Hon. Kimba M. Wood, U.S.D.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Courtroom 18B
New York, New York  10007-1312
212-805-7900 (Fax)

       Re:    Request concerning filing and service of Second Amended Complaint,
               <u>Ilka Rios et al. v Stanley Schlein et al., Case No. 16-cv-6448 (KMW/jlc)</u>

Dear Judge Wood:

       This firm represent plaintiffs in the above-referenced action ("Plaintiffs").  On September 6, 2017, the Court heard oral argument on Plaintiffs' application for a preliminary injunction.  Defendants The Board of Elections In The City of New York and The New York State Board of Elections appeared by counsel, and defendant Marissa Soto, Esq., appeared pro se.  Although the remaining individual defendants did not appear in this action or at oral argument, defendant Marissa Soto, Esq., agreed to accept service of Plaintiffs' moving papers on those defendants' behalf.  The Court denied Plaintiffs' motion and granted Plaintiffs leave to file a Second Amended Complaint.

       On April 14, 2017, the Court issued an Order directing Plaintiffs to file their Second Amended Complaint "by May 4, 2017." [Docket No. 48].  On May 4, 2017, Plaintiffs' counsel filed Plaintiffs' Second Amended Complaint [Docket No. 49].  On May 5, 2017, the CM/ECF System issued a Notice Regarding Deficient Pleading to Re-File the Amended Complaint relating to since-corrected technical ECF filing errors.  That notice also included the following directive:  "Amended Complaint was filed incorrectly on the due date so permission from Chambers will need to be acquired for the correctly filed amended complaint to be approved."

       Further, defendants have not yet been served with the complaint.  The Federal Rule of Civil Procedure ("FRCP") provides that actions are subject to dismissal without prejudice "if a defendant is not served within 120 days after the complaint is filed." FRCP 4(m).  Further, if the plaintiff shows "good cause" for not effecting service within 120 days, then "the court *must* extend the time for service for an appropriate period."  <u>Id</u>. (emphasis added).  Further still, "district courts have discretion to grant extensions [under FRCP 4(m)] even in the absence of good cause."  <u>Zapata v. City of New York</u>, 502 F.3d 192, 194 (2d Cir. 2007).

1

Plaintiffs respectfully submit that the Second Amended Complaint should be approved as timely filed and the time to effect service thereof should be extended, for the following three reasons.

First, the Second Amended Complaint was filed on the date specified in the Court's April 14, 2017 Order. To the extent counsel misapprehended that Order or other applicable rules of procedure, I apologize to the Court and the parties, but in light of the procedural history of this case and the nominal delay given the relative time frames involved, it is respectfully submitted that the Second Amended Complaint should be approved as timely filed on May 4, 2017.

Second, there is a reasonable explanation for any delay. For example, all defendants were served with or accepted service of Plaintiffs' papers in support of their application for a preliminary injunction, including a copy of the Complaint and Amended Complaint in this action. Where leave had been granted to file a Second Amended Complaint, it is reasonable to effect service after filing that Second Amended Complaint. As a further example, defendants' delay and failure to produce documents in response to Freedom of Information Law requests frustrated Plaintiffs' investigation relating to the contemplated Second Amended Complaint. Finally, Plaintiffs' counsel, a solo practitioner, spent significant time since September 6, 2017 unable to work because of complications from open-heart surgery.

Third, there is no prejudice to defendants because they or their designated agent actually received copies of Plaintiffs' Complaint and Amended Complaint within 120 days of the filing of Plaintiffs' Complaint, because leave to file the Second Amended Complaint was granted in open court, and because Plaintiffs' claims remain timely and will be adjudicated.

Accordingly, Plaintiffs respectfully request an Order approving the correctly-filed Second Amended Complaint [Docket No. 50] (courtesy copies enclosed) and extending the time to serve defendants with the Second Amended Complaint until June 5, 2017.

Respectfully submitted,

_____/S/_____

Donald R. Dunn, Jr.

Enclosures

To:   Defendant The Board of Elections In The City of New York (by ECF)
      Defendant The New York State Board of Elections (by ECF)
      Defendant Marissa Soto, Esq. (by ECF)
      No other defendants have appeared.