USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/24/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ILKA RIOS, et al.,

                Plaintiffs,

    v.

STANLEY KALMON SCHLEIN, et al.,

                Defendants.

16-cv-6448 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, District Judge:

    Plaintiffs Ilka Rios, Alison Bush, Joyce Culler, Pamela Stewart-Martinez, Winifred Coulton, Sharan Fernandez, Charlene Price, Roxanne Delgado, James Graham, Patricia Jones, Marjorie Vanhook, Phillip Lindsay, Mark A. Lindsay, Tosha Iraldo, Linda Arnold, Stephanie Pryor, Anselmo Ballantine, and Yvonne White (collectively, "Plaintiffs")—on behalf of themselves and all other persons who reside in Bronx County, New York—bring this action under 42 U.S.C. § 1983, and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, against Stanley K. Schlein, Ruben Diaz, Jr., Jeffrey Dinowitz, Michael R. Benedetto, Carl E. Heastie, Aurelia Greene, Annabel Palma, Marcos A. Crespo, Vanessa L. Gibson, Marissa Soto, Anthony Perez, Venancio Catala, John Zacarro, Angel Gaud, Yves Filias, Leila Martinez, Yudelka Tapia, Unidentified Co-Conspirators 1 to 100, and as necessary parties, the Board of Elections in the City of New York and the New York State Board of Elections (collectively, "Defendants").

1

Plaintiffs allege that Defendants violated their constitutional rights to free speech and substantive due process by controlling the Bronx Democratic County Committee and the Committee's nomination of candidates for local elections.

Before the Court is an unopposed Motion to Dismiss the Second Amended Complaint filed by Defendant Board of Elections for the City of New York (the "BOE") [Dkt. Nos. 56–57]. For the reasons set forth below, Defendant's motion is GRANTED.

I. **Background and Procedural History**

In their Second Amended Complaint ("SAC") [Dkt. No. 50], Plaintiffs allege that Defendants have disenfranchised Bronx voters by appointing themselves or a chosen group to serve as Members of the Bronx Democratic County Committee ("BDCC"). (SAC ¶ 1). Plaintiffs allege that the individual Defendants are current and former members of the BDCC. *E.g.*, *id.* ¶¶ 26–37. The BDCC endorses candidates for every Bronx election, appoints vacancies, and selects delegates to choose judges—thereby controlling much of the Bronx Democratic Party. *Id.* ¶¶ 5–6, 59, 71–73.

Defendants maintained this scheme, Plaintiffs claim, by fraudulently altering the petitions used to select candidates to be BDCC Members ("designating petitions"). *Id.* ¶¶ 2–3, 52. Plaintiffs assert that Defendants back-dated voters' signatures, misappropriated the identities of Bronx residents—some deceased—as faux candidates for the BDCC, forged candidate petitions, tampered with evidence, and suborned perjury. *Id.* ¶¶ 51–55. This prevented Plaintiffs and other Bronx residents from voting for their candidates of choice. *Id.* ¶¶ 115–16. The SAC alleges this occurred in the Bronx elections in 2014 and 2016. *Id.* ¶ 83.

Plaintiffs filed a First Amended Complaint and a Motion for Preliminary Injunction on August 22, 2016, asking the Court to enjoin the Bronx County local elections then-scheduled for September 13, 2016. On September 6, 2016, the Court held a Preliminary Injunction hearing, denied the Motion, and granted Plaintiffs leave to file a Second Amended Complaint, which they did on May 9, 2017. Defendant BOE filed a Motion to Dismiss on June 8, 2017. That Motion is unopposed.

## II. Legal Standard

When considering a motion to dismiss under Rule 12(b)(6), a court accepts as true all well-pleaded allegations, drawing all inferences in favor of the non-moving party. *Taylor v. Vt. Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002). To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007).

When deciding an *unopposed* motion to dismiss, a court still "assume[s] the truth of a pleading's factual allegations and test[s] only its legal sufficiency, [which] the court is capable of determining based on its own reading of the pleading and knowledge of the law." *Haas v. Commerce Bank*, 497 F. Supp. 2d 563, 564 (S.D.N.Y. 2007) (Holwell, J.) (quoting *McCall v. Pataki*, 232 F.3d 322 (2d Cir. 2000)); *see also O'Garro v. Comm'r of Soc. Sec.*, 2013 WL 5798537, at *2 (S.D.N.Y. Oct. 24, 2013) (Forrest, J.).

### III. Analysis

A. Municipal Liability Claim

The BOE is an administrative agency of New York City, created pursuant to Article 3 of New York Election Law. To allege municipal liability under Section 1983, a plaintiff must allege that there was "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) (citing *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 692 (1978)). Merely alleging vicarious liability or *respondeat superior* is insufficient to state a Section 1983 claim against a municipal entity. *See Zherka v. City of New York*, 459 Fed. Appx. 10, 12 (2d Cir. 2012) (summary order). There are four ways a plaintiff can allege such a custom or policy; a plaintiff can allege:

> (1) the existence of a formal policy officially endorsed by the municipality; (2) actions taken or decisions made by municipal officials with final decision making authority, which caused the alleged violation of plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a custom of which constructive knowledge can be implied on the part of the policymaking officials; or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to "deliberate indifference" to the rights of those who come in contact with the municipal employees.

*Grimmett v. Corizon Med. Assocs. of New York*, 2017 WL 2274485, at *5 (S.D.N.Y. May 24, 2017) (Oetken, J.) (citations omitted).

The SAC lacks allegations that the Plaintiffs' purported constitutional injuries were caused by an official BOE policy or practice. The only allegation against the BOE is that the allegedly fraudulent designating petitions were *filed with* the BOE (SAC ¶¶ 61, 74). It is not the BOE's policy of accepting the petitions that caused the Plaintiffs' constitutional injuries,

4

including their inability to vote for their chosen BDCC candidates. Rather, it is the creation of the allegedly fraudulent petitions themselves that caused this injury.

Because Plaintiffs fail to proffer allegations of an official BOE policy, action, persistent practice, or deliberate indifference that caused Plaintiffs' constitutional injury, the first and second causes of action are dismissed against the BOE.

### B. RICO Claim

In the SAC, Plaintiffs allege that Defendants created a RICO enterprise by "divesting the County Committee's lawful power and authority" and transferring that power to the Executive Committee of the BDCC, which Defendants allegedly control as well. (SAC ¶¶ 70; 127). This, Plaintiffs claim, caused them to be deprived of their constitutional rights to free speech and substantive due process. *Id.* ¶¶ 125–132.

To establish a RICO claim, a plaintiff must show "(1) a violation of the RICO statute, 18 U.S.C. § 1962; (2) an injury to business or property; and (3) that the injury was caused by the violation of Section 1962." *DeFalco v. Bernas,* 244 F.3d 286, 305 (2d Cir. 2001). To establish a violation of § 1962(c), "a plaintiff must show that a person engaged in (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 120 (2d Cir. 2013) (quotations omitted).

RICO provides recovery for business or property injuries—not personal injuries. *See Williams v. Dow Chem. Co.*, 255 F. Supp. 2d 219, 225 (S.D.N.Y. 2003) (Berman, J.) (quoting *Major League Baseball Props., Inc. v. Price*, 105 F. Supp. 2d 46, 49 (E.D.N.Y. 2000) ("Congress enacted RICO to combat organized crime, not to provide a federal cause of action and treble damages for personal injuries.").

The SAC alleges that Plaintiffs suffered intangible damages in the form of constitutional injuries. *E.g.*, SAC ¶ 132. Yet "the deprivation of constitutional rights is a personal injury that is not protected by RICO." *Westchester Cnty. Indep. Party v. Astorino*, 137 F. Supp. 3d 586, 613 (S.D.N.Y. 2015) (Karas, J.). Moreover, a civil RICO claim cannot be brought against a government entity or municipality, because the entity is "incapable of forming the requisite criminal intent for RICO liability." *Frooks v. Cortlandt*, 997 F. Supp. 438, 457 (S.D.N.Y. 1998) (Conner, J.), *aff'd*, 182 F.3d 899 (2d Cir. 1999).

Thus, Plaintiffs fail to state a RICO claim against the BOE.

### C. Remaining Defendants

The rationale for dismissing the claims against the BOE also applies to Defendant New York State Board of Elections. Unless the parties object within thirty days, by September 23, 2017, the Court will assume that Defendant New York State Board of Elections wishes to join the BOE's Motion to Dismiss, which the Court will grant for the same reasons set forth in this Opinion.

Moreover, because Plaintiffs fail to allege a business or property injury to state a claim under RICO, *Williams*, 255 F. Supp. 2d at 225, this rationale for dismissing the RICO claim against the BOE applies to all Defendants. Thus, unless the parties object within thirty days, the Court will assume that *all* Defendants wish to join the BOE's Motion to Dismiss the RICO claim.

In light of this Opinion, all remaining Defendants are ordered to answer Plaintiffs' claims under 42 U.S.C. § 1983 within thirty days, by September 23, 2017.

6

## IV. Conclusion

For the foregoing reason, Defendant BOE's Motion to Dismiss is GRANTED, with prejudice. This resolves Docket No. 56.

SO ORDERED.

Dated: August 24, 2017
New York, New York

*Kimba M. Wood*

THE HON. KIMBA M. WOOD
United States District Judge

7